

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00446-CV

ANA MARIA GONZALEZ SALAIS,
INDIVIDUALLY AND AS REPRESENTATIVE
OF THE ESTATE OF RUBEN GONZALEZ, DECEASED,

                                                        **Appellants**

 **v.**

MEXIA STATE SCHOOL, TEXAS DEPARTMENT
OF AGING & DISABILITY SERVICES AND
HUMANE RESTRAINT, INC.,

                                                        **Appellees**

From the 77th District Court
Limestone County, Texas
Trial Court No. 28901A

## MEMORANDUM OPINION

This case is here a second time on interlocutory appeal. In the first appeal, we

held that the expert report of paramedic James Wohlers on the standard of care and

breach was adequate and that Wohlers was qualified. *Salais v. Tex. Dep't of Aging &*

*Disability Serv's,* 323 S.W.3d 527, 532-34 (Tex. App.—Waco 2010, pet. denied). We also

held that the expert report of Dr. Donald Winston on causation was adequate but that his report and CV failed to show how he is qualified to render an expert opinion on causation in this case; Dr. Winston's CV's "position descriptions alone are inadequate to show how he is qualified to opine on the causal relationship of Ruben's death. Merely being a physician is insufficient to qualify as a medical expert." *Id.* at 536; *see also Perry v. Bradley*, No. 10-10-00402-CV, 2011 WL 6415135, at *3 n.2 (Tex. App.—Waco Dec. 21, 2011, no pet.) ("a court views both the expert report and the CV to determine if an expert is qualified. … But position descriptions alone in a CV can be conclusory and thus inadequate to establish an expert's qualification, and in that situation, the report must explain how the expert is qualified to opine on standard of care, breach, or causation."). We concluded: "Dr. Winston's report is technically deficient—as opposed to being "no report"—because the report lacks his qualifications to give an expert opinion on causation." *Salais*, 323 S.W.3d at 537.

We therefore remanded the case to the trial court to consider and rule on Salais's motion for a thirty-day extension to attempt to cure the deficiency in Dr. Winston's report. Before the trial court heard Salais's motion for a thirty-day extension (Appellee TDADS sought review in the supreme court, which was denied), the supreme court had issued two opinions addressing a trial court's discretion in ruling on a motion for a thirty-day extension to cure a deficient expert report. In the first case, *Samlowski v. Wooten*, there were four opinions and a majority of the court did not agree on the legal standard to apply to a trial court's discretion to deny a request for a thirty-day extension. 332 S.W.3d 404 (Tex. 2011). But as a sister court has noted,

[B]inding principles emerged from [*Samlowski*]. Five justices agreed to the general principles that the trial court should err on the side of granting an extension under section 74.351(c) and that the trial court must grant such an extension if the deficiencies are curable. *See Scoresby*, 346 S.W.3d at 549; *Samlowksi*, 332 S.W.3d at 411 (plurality opinion by Medina, J., joined by Jefferson, C.J. and Hecht, J.); *id.* at 416 (Guzman, J., concurring in the judgment, joined by Lehrmann, J.). Therefore, intermediate appellate courts are bound to apply these principles.

*Rosemond v. Al-Lahiq,* 362 S.W.3d 830, 841 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

In *Scoresby v. Santillan*, Justice Hecht's majority opinion reiterated the recognized principles in *Samlowski*: "The trial court should err on the side of granting the additional time and must grant it if the deficiencies are curable." 346 S.W.3d 546, 549 (Tex. 2011). "[T]rial courts should be lenient in granting thirty-day extensions and must do so if deficiencies in an expert report can be cured within the thirty-day period." *Id.* at 554. The court further held:

[W]e hold that a document qualifies as an expert report if it contains a statement of opinion by an individual with expertise indicating that the claim asserted by the plaintiff against the defendant has merit. An individual's lack of relevant qualifications and an opinion's inadequacies are deficiencies the plaintiff should be given an opportunity to cure if it is possible to do so. This lenient standard avoids the expense and delay of multiple interlocutory appeals and assures a claimant a fair opportunity to demonstrate that his claim is not frivolous.

*Id.* at 549.

Even more recently, the supreme court reaffirmed that one purpose of the expert report requirement is "'to expeditiously weed out claims that have no merit.'" *Certified EMS, Inc. v. Potts,* 392 S.W.3d 625, 630 (Tex. 2013) (quoting *Loaisiga v. Cerda,* 379 S.W.3d 248, 263 (Tex. 2012)). "[T]he purpose of evaluating expert reports is 'to deter frivolous

claims, not to dispose of claims regardless of their merits.'" *Id.* (quoting *Scoresby*, 346 S.W.3d at 554). Our first decision indicated that Salais's health-care liability claim was not frivolous by holding that the Wohlers report was adequate and that the Winston report was adequate yet technically deficient because it lacked his qualifications. *Salais*, 323 S.W.3d at 533-34, 536.

The trial court held a hearing on Salais's motion for a thirty-day extension and entered a November 17, 2011 order denying the motion and granting TDADS's motion to dismiss Salais's health-care liability claim. Salais filed a notice of appeal of that order, which leads us to revisit this case. *Cf. Scoresby*, 346 S.W.3d at 549 (explaining that the lenient standard for granting extensions to cure expert reports should "avoid[] the expense and delay of multiple interlocutory appeals"); *Samlowski*, 332 S.W.3d at 411-12 (plurality op.) ("The right answer in many cases will be for the trial court to grant one thirty-day extension upon timely request and be done with it."). Her brief asserts three issues: (1) the trial court erred in granting TDADS's motion to dismiss; (2) Dr. Winston's report did not constitute "no report" such that the trial court could not grant an extension; and (3) the trial court abused its discretion in denying the motion for a thirty-day extension to cure Dr. Winston's report.[1]

Beginning with issue two, we have already held that Dr. Winston's report was a deficient report, rather than being "no report." *Salais*, 323 S.W.3d at 537. To the extent the trial court concluded otherwise and granted TDADS's motion to dismiss and denied

---

[1] TDADS is correct that Salais's brief is mostly a regurgitation of her brief in the first appeal and that it provides an inaccurate statement of the case, but her briefing on the key issue (issue three) in this appeal is updated; it relies on *Scoresby* and *Samlowski* to argue that the trial court abused its discretion in denying the motion for a thirty-day extension.

Salais's motion for a thirty-day extension on that basis, the trial court abused its discretion. We sustain issue two.

Turning to issue three and the trial court's denial of Salais's motion for a thirty-day extension, we held in the first appeal that Dr. Winston's report on causation was adequate but that his report and CV failed to show *how* he is qualified to render an expert opinion on causation in this case. *Id.* at 535-36. As a licensed physician, and with his current position as a practitioner of emergency medicine and former position of general and trauma surgeon, Dr. Winston is an individual with expertise to render opinions about the causal relationship between the claimed injury and the alleged departure from the standard of care. *See id. Scoresby* states that an individual's lack of relevant qualifications is a deficiency the plaintiff should be given an opportunity to cure if it is possible to do so. *Scoresby*, 346 S.W.3d at 549. We repeat the admonition in *Scoresby*: "The trial court should err on the side of granting the additional time and *must* grant it if the deficiencies are curable." *Id.* (emphasis added).

Because of Dr. Winston's expertise, it is possible that the deficiency in his report—the failure to show how he is qualified to render an expert opinion on causation in this case—is curable. Accordingly, under *Scoresby*, the trial court should have granted Salais's motion for a thirty-day extension, and in failing to do so, the trial court abused its discretion. *See, e.g., Ortiz v. Patterson*, 378 S.W.3d 667, 676-77 (Tex. App.—Dallas 2012, no pet.) (concluding that trial court abused its discretion in denying motion for thirty-day extension, in light of *Scoresby* and *Samlowski*, *inter alia*); *Rosemond*, 362 S.W.3d at 840-41 (concluding that trial court abused its discretion in denying motion for

thirty-day extension where expert report did not show how expert was qualified and report deficiently addressed statutory elements for reports). We sustain issue three, and we also sustain issue one, which complains of the trial court's dismissal of Salais's health care liability cause of action against TDADS.

We reverse the trial court's November 17, 2011 order and remand this case with instructions for the trial court to grant a thirty-day extension under section 74.351(c). *See Rosemond*, 362 S.W.3d at 841.


                                        REX D. DAVIS
                                        Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
        (Chief Justice Gray dissenting)
Reversed and remanded
Opinion delivered and filed June 6, 2013
[CV06]