**Affirmed and Memorandum Opinion filed January 22, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00527-CV

---

### PAMELA JOHNSON, M.D., Appellant

### V.

### ROSARIO GOMEZ, Appellee

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-67199**

---

## M E M O R A N D U M   O P I N I O N

This is a health care liability case governed by the Texas Medical Liability Act.[1] In one issue, appellant Pamela Johnson, M.D., challenges the trial court's order denying her motion objecting to appellee Rosario Gomez's expert report. Johnson complains that the expert failed to describe the standard of care applicable

---

[1] Tex. Civ. Prac. & Rem. Code §§ 74.001-.507. All references to the Act are to these provisions.

to Johnson. We affirm.

## *Background*

Gomez received treatment at Concord Medical Center for neck and shoulder pain. As alleged, Gomez was seen by physician's assistant Rediet Berhanykun Araya. Araya prescribed Gomez 300 milligrams of amitriptyline to be taken at bedtime. Araya used Johnson's prescription pad for the prescription.[2] Gomez subsequently returned to the medical center complaining of headaches and facial pain. She notified the doctor who saw her on that visit that she had taken the prescribed medication for the first time the night before and had awakened in her bathroom with facial pain and swelling. A couple of months later, she went to the emergency room where she was diagnosed with a facial fracture.[3]

Gomez alleges that Araya prescribed her the wrong drug in an excessive dose, which resulted in her injuries.[4] Gomez filed suit against Johnson, Araya, and others, bringing a claim for negligence. She served the defendants with the expert report of Dr. Michael J. Dominguez. Johnson objected to the sufficiency of the expert report and sought dismissal of Gomez's negligence claim against her. *See* Tex. Civ. Prac. & Rem. Code § 74.351(b). The trial court entered an order denying Johnson's motion objecting to the expert report.

---

[2] The prescription pad had Johnson's name at the top and Araya's name underneath, as follows: "Pamela Johnson MD" and "Rediet Berhanykun Araya, PA."

[3] She was later diagnosed in addition with facial pain, headaches, and right hand carpal tunnel syndrome. It was determined that the fracture was "non-operative."

[4] According to Gomez's expert, amitriptyline is indicated for the treatment of diabetic neuropathic pain, whereas Gomez was suffering from cervical radiculopathy. He further notes: "The approved beginning dose of amitriptyline is 25 mg at bedtime . . . increase[d] over time to a maximum of 150 mg at bedtime. There is no approved indication for using 300 mg of amitriptyline. Common reactions to amitriptyline are drowsiness, dizziness, disorientation, and confusion, among many others."

***Discussion***

Johnson complains the trial court abused its discretion in overruling her objections to the expert report because Dominguez did not "sufficiently describe what standard of care applied to Dr. Johnson in this situation." Johnson seeks a reversal of the trial court's order denying her motion and a remand for the trial court to determine whether to grant Gomez a thirty-day extension to cure deficiencies in the expert report. We conclude the report contains a fair summary of the expert's opinion regarding the applicable standard of care and thus the trial court did not abuse its discretion in denying Johnson's motion.

The Act entitles a defendant to dismissal of a health care liability claim if she has not been served with an expert report showing that the claim has merit within 120 days of the date suit was filed. *Id.* § 74.351(a)-(b); *Scoresby v. Santillan*, 346 S.W.3d 546, 549 (Tex. 2011). The trial court's refusal to dismiss may be immediately appealed. Tex. Civ. Prac. & Rem. Code § 51.014(a)(9); *Scoresby*, 346 S.W.3d at 549. We review a trial court's denial of a motion to dismiss under section 74.351 for abuse of discretion. *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010); *Bailey v. Amaya Clinic, Inc.*, 402 S.W.3d 355, 361 (Tex. App.—Houston [14th Dist.] 2013, no pet.). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner or without reference to any guiding rules or principles. *Jelinek*, 328 S.W.3d at 539; *Bailey*, 402 S.W.3d at 361.

The Act specifies requirements for an adequate report and mandates "an objective good faith effort to comply" with the requirements. Tex. Civ. Prac. & Rem. Code § 74.351(*l*), (r)(6); *Scoresby*, 346 S.W.3d at 549. It also authorizes a trial court to give a plaintiff who meets the 120-day deadline an additional 30 days to cure any deficiencies in the report. Tex. Civ. Prac. & Rem. Code § 74.351(c); *Scoresby*, 346 S.W.3d at 549. When determining if a good faith effort has been

made, the trial court is limited to the four corners of the report and cannot consider extrinsic evidence. *See Jelinek*, 328 S.W.3d at 539; *Bailey*, 402 S.W.3d at 361.

An expert report must provide a fair summary of the expert's opinions regarding (1) the applicable standard of care; (2) the manner in which the care provided failed to meet that standard; and (3) the causal relationship between that failure and the injury, harm, or damages claimed. *See* Tex. Civ. Prac. & Rem. Code § 74.351(r)(6); *Bailey*, 402 S.W.3d at 361-62. In compliance with these standards, the expert report must incorporate sufficient information to inform the defendant of the specific conduct the plaintiff has called into question and provide a basis for the trial court to conclude the claims have merit. *Bailey*, 402 S.W.3d at 362.

A report may not merely contain the expert's conclusions about these elements. *Jelinek*, 328 S.W.3d at 539; *Bailey*, 402 S.W.3d at 362. The expert must explain the basis for his statements and link his conclusions to the facts. *Jelinek*, 328 S.W.3d at 539. However, a plaintiff need not present all the evidence necessary to litigate the merits of her case. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875, 879 (Tex. 2001); *Bailey*, 402 S.W.3d at 362. The report may be informal in that the information need not fulfill the same requirements as the evidence offered in a summary judgment proceeding or at trial. *Palacios*, 46 S.W.3d at 879; *Bailey*, 402 S.W.3d at 362. The purpose of the expert report requirement is to deter frivolous claims, not to dispose of claims regardless of their merits. *Loaisiga v. Cerda*, 379 S.W.3d 248, 258 (Tex. 2012); *Scoresby*, 346 S.W.3d at 554. Thus, it is only a threshold mechanism to dispose of claims lacking merit. *Certified EMS, Inc. v. Potts*, 392 S.W.3d 625, 631 (Tex. 2013).

The standard of care is defined by what an ordinarily prudent health care provider or physician would have done under the same or similar circumstances. *Palacios*, 46 S.W.3d at 880; *Bailey*, 402 S.W.3d at 366. Identifying the standard of

4

care is critical: whether a defendant breached her duty to a patient cannot be determined absent specific information about what the defendant should have done differently. *Palacios*, 46 S.W.3d at 880; *Bailey*, 402 S.W.3d at 366. While a "fair summary" is something less than a full statement of the applicable standard of care and how it was breached, even a fair summary must set out what care was expected, but not given. *Palacios*, 46 S.W.3d at 880; *Bailey*, 402 S.W.3d at 366.

Johnson asserts that the expert report fails to provide a fair summary of the standard of care applicable to her because Dominguez does not explain what Johnson's role was in Gomez's treatment or what care she was expected to provide Gomez. As to the former, Johnson contends the report does not establish that she was Araya's supervisor. But Dominguez notes that the medication was prescribed by Araya, a physician's assistant, on Johnson's prescription pad, which also included Araya's name printed on the pad.[5] Dominguez notes that when a treating physician relies on a physician's assistant to prescribe medication, the physician should review the conclusions of the physician's assistant promptly. Because the prescription was written on Johnson's prescription pad, it is clear from the context of the report that Dominguez concluded Johnson was Gomez's treating physician. Moreover, Dominguez notes that when Gomez returned to the medical center complaining of facial injuries, the doctor who saw her told her to return to Araya *or* Johnson, which is another indicator that Johnson was the treating physician.[6] Thus, we conclude the expert report includes a fair summary of how the standard of care was applicable to Johnson.

Johnson contends (1) "according to the State of Texas," Johnson was not

---

[5] The prescription was attached as an exhibit to the expert report.

[6] While a full development of this theory may be required for summary judgment proceedings or to convince a judge or jury during trial, no such requirement applies at the expert report stage. *Potts*, 392 S.W.3d at 632.

5

Araya's supervising physician; (2) Johnson did not see Gomez during the visit at issue; and (3) Johnson was not present at the medical center on the date of the visit. The expert report does not contain this information. The only information relevant to our inquiry is that within the four corners of the expert report. *See Palacios*, 46 S.W.3d at 878; *see also Samlowski v. Wooten*, 332 S.W.3d 404, 414 (Tex. 2011) ("We have previously held that a trial court should look no further than the four corners of an expert report when considering a motion challenging the adequacy of the report because all the information relevant to that inquiry is contained within the report."). Accordingly, we limit our analysis to statements within the expert report.

Regarding the care Johnson was expected to provide, Johnson complains the report is conclusory because Dominguez does not articulate what Johnson should have done differently. To the contrary, Dominguez concludes that Araya prescribed Gomez an inappropriate medication in an inappropriately high dosage resulting in her injuries. He further states Johnson failed to "supervis[e] her staff appropriately," which would have included "review[ing] the care provid[ed to] Gomez . . . and correct[ing] the medication and dosage prescribed to . . . Gomez on [Johnson's] prescription pad." He also states, "Proper supervision of mid-level providers would require prompt review and consideration of patient care, including prescriptions. There is no record Dr. Johnson reviewed . . . Gomez's care, including the prescription. This is a breach of the standard of care." Thus, the expert report includes a fair summary of Dominguez's opinion regarding what Johnson should have done differently under the applicable standard of care.

Concluding the expert report in this case provides a fair summary of the standard of care applicable to Johnson, we overrule her sole issue presented on

6

appeal.[7] We affirm the trial court's order denying Johnson's motion objecting to the expert report.

/s/    Martha Hill Jamison
           Justice

Panel consists of Justices Boyce, Jamison, and Donovan.

---

[7] Johnson has not challenged the expert's opinions regarding breach and causation.