

**NUMBER 13-15-00571-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**NYDIA DE LA GARZA,**                                                                      **Appellant,**

**v.**

**THE HOME CARE TEAM INC., AND
MARIA PATRICIA SOLIS,**                                                                     **Appellees.**

---

### On appeal from the 357th District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion by Justice Garza**

This is an appeal challenging the trial court's ruling under the expert report requirement of the Texas Medical Liability Act ("TMLA"). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West, Westlaw through 2015 R.S.). By a single issue, appellant Nydia De La Garza contends the trial court erred in dismissing her suit with prejudice

against appellee Maria Patricia Solis because of appellant's failure to timely serve Solis with an expert report as required by section 74.351(a). Because we hold that appellant had no duty to produce an expert report to Solis, we reverse the trial court's order dismissing appellant's claims against Solis and remand for further proceedings.

## I. BACKGROUND[1]

Appellant alleges that she was hired by The Home Care Team, Inc. ("THCT") as a home health care services provider. On November 10, 2013, appellant sustained injuries while providing home health care services at the Brownsville, Texas home of Joaquina Garcia and Luciano Palafox. Garcia and Palafox were renting the home, which was owned by Solis. Appellant was allegedly injured while walking up and down an outside ramp to deposit trash in a trash container. Appellant alleged claims of negligence and gross negligence against Solis for various omissions, including failure to inspect the condition of the premises, failure to make the premises reasonably safe, and failure to install handrails or other safety devices.[2]

## II. STANDARD OF REVIEW AND APPLICABLE LAW

A trial court's ruling on a motion to dismiss a health care liability claim is reviewed for a clear abuse of discretion. *Marino v. Wilkins*, 393 S.W.3d 318, 325 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (citations omitted). A trial court abuses its discretion

---

[1] Solis has not filed a brief to assist us in our disposition of this appeal. The background facts are taken from appellant's brief, her live petition, Solis's motion to dismiss, appellant's response to the motion to dismiss, and the trial court's order of dismissal.

[2] We view appellant's claims as alleging a premises-liability cause of action against Solis. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010) ("[G]enerally, a property owner owes invitees a duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which the property owner knew or should have known.").

2

if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Id.*

Under the TMLA, a "health care liability claim" ("HCLC") is defined, in pertinent part, as "a cause of action against a health care provider or physician . . . ." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (West, Westlaw through 2015 R.S.). Under the expert report requirement of section 74.351(a), a claimant is required to serve each defendant physician or other health care provider with an expert report within 120 days after each defendant's original answer is filed. *See id.* § 74.351(a);[3] *Samlowski v. Wooten*, 332 S.W.3d 404, 411 (Tex. 2011). A "physician" is defined as: (A) an individual licensed to practice medicine in this state; (B) a professional association organized under the Texas Professional Association Act (Article 1528f, Vernon's Texas Civil Statutes) by an individual physician or group of physicians; (C) a partnership or limited liability partnership formed by a group of physicians; (D) a nonprofit health corporation certified under Section 162.001, Occupations Code; or (E) a company formed by a group of physicians under the Texas Limited Liability Company Act (Article 1528n, Vernon's Texas Civil Statutes). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(23) (West, Westlaw through 2015 R.S.). A "health care provider" means any person, partnership, professional association, corporation, facility, or institution duly licensed, certified, registered, or chartered by the State of Texas to provide health care, including: (i) a registered nurse;

---

[3] Section 74.351(a) provides, in relevant part:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report *for each physician or health care provider* against whom a liability claim is asserted.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West, Westlaw through 2015 R.S.) (emphasis added).

3

(ii) a dentist; (iii) a podiatrist; (iv) a pharmacist; (v) a chiropractor; (vi) an optometrist; (vii) a health care institution; or (viii) a health care collaborative certified under Chapter 848, Insurance Code. The term includes: (i) an officer, director, shareholder, member, partner, manager, owner, or affiliate of a health care provider or physician; and (ii) an employee, independent contractor, or agent of a health care provider or physician acting in the course and scope of the employment or contractual relationship. *See id.* § 74.001(a)(12) (West, Westlaw through 2015 R.S.)

## III. DISCUSSION

In her motion to dismiss, Solis argued that she was entitled to dismissal of appellant's suit against her because appellant failed to provide her with an expert report as required by section 74.351(a). *See id.* §74.351(a). Citing *Ross v. St. Luke's Episcopal Hospital,* Solis argued that, at the time appellant was injured, she was "providing health care," and therefore, appellant's claim is a "health care liability claim." 462 S.W.3d 496, 505 (Tex. 2015) (listing factors to determine if a claim is an HCLC, including "[a]t the time of the injury[,] was the claimant providing or assisting in providing health care"). We conclude that Solis's reliance on *Ross* is misplaced.

In her response to the motion to dismiss and on appeal, appellant argued that because Solis is neither a "physician" nor a "health care provider" as defined by section 74.001, her claims against Solis are not HCLCs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(12), (23).

Following a hearing on November 12, 2015, the trial court found that, because appellant was "providing health care" at the time she was injured, her claim is a HCLC. *See Ross*, 462 S.W.3d at 505. The trial court further found that appellant is a home health

4

care service provider. Finally, the trial court found that appellant failed to serve Solis with an expert report as required by section 74.351(a), and granted Solis's motion to dismiss.

We disagree. Regardless of whether appellant was "providing health care" when she was injured, her claim against Solis cannot be a HCLC because Solis is neither a physician nor a health care provider. *See id.* § 74.001(a)(13). As noted, appellant's petition alleges negligence and gross negligence claims against Solis for alleged premises defects. There is no allegation that Solis is a "health care provider or physician," *see id.*; therefore, appellant's claim against Solis is not a HCLC, and she was not required to serve Solis with an expert report pursuant to section 74.351(a). *See id.* § 74.351(a). We sustain appellant's sole issue.

## IV. CONCLUSION

We reverse the trial court's order and remand for further proceedings consistent with this opinion.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
1st day of September, 2016.

5