# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00905-CV

**WC 1st and Trinity, LP; WC 1st and Trinity GP, LLC; WC 3rd and Congress, LP; and WC 3rd and Congress GP, LLC, Appellants**

**v.**

**The Roy F. and JoAnn Cole Mitte Foundation, Appellee**

---

**FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY,
NO. D-1-GN-18-007636, THE HONORABLE JAN SOIFER, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellants have appealed from the trial court's December 10, 2019 order appointing a receiver for WC 1st and Trinity, LP and WC 3rd and Congress, LP (collectively, the "Partnerships"). *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(1). On December 12, 2019, appellants filed an emergency motion for temporary relief requesting that this Court stay the trial court's receivership order while their appeal is pending, pursuant to our authority under Texas Rule of Appellate Procedure 29.3. On December 19, 2019, this Court stayed in part the receivership order, pending further order of this Court.

In our stay order, we (1) prohibited the receiver from filing voluntary petitions for relief under Title II of the United States Code (the Bankruptcy Code) for the Partnerships, (2) prohibited the alienation of the real property owned by the Partnerships, and (3) ordered the parties and the receiver to notify the Court as soon as practicable of any foreclosure posting for

the real property owned by the Partnerships. In addition, we abated this appeal and remanded the case to the trial court for a determination of whether appellants' rights would be adequately protected by supersedeas or another order under Texas Rule of Appellate Procedure 24. *See* Tex. R. App. P. 24.1; *see also* Tex. R. App. P. 29.1, 29.3. We abated the appeal because although Rule 29.3 authorizes this Court to make any temporary orders necessary to preserve the parties' rights until disposition of the appeal and gives us the discretion to require appropriate security, "the appellate court must not suspend the trial court's order if the appellant's rights would be adequately protected by supersedeas or another order made under Rule 24." Tex. R. App. P. 29.3. Accordingly, we abated this appeal for the trial court to consider whether "appellant's rights would be adequately protected by supersedeas or another order under Rule 24."

After the trial court conducted a hearing and issued an order related to the adequacy of supersedeas or another order under Rule 24, appellants filed an emergency motion challenging the trial court's supersedeas order and seeking temporary relief. We will grant the motion in part.

## LEGAL FRAMEWORK

Unless the law or the Texas Rules of Appellate Procedure provide otherwise, a judgment debtor is entitled to supersede a judgment and thus defer its enforcement while pursuing an appeal. *See* Tex. R. App. P. 24.1; *see also Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). The purpose of supersedeas is to preserve the status quo of the matters in litigation as they existed before the issuance of the judgment from which an appeal is taken. *See, e.g.*, *Smith v. Texas Farmers Ins.*, 82 S.W.3d 580, 585 (Tex. App.—San Antonio 2002, pet. denied).

We review a trial court's ruling on supersedeas for an abuse of discretion. *See* Tex. R. App. P. 29.2 (establishing standard of review for trial court's refusal to permit appellant

2

to supersede interlocutory order); *see also id.* R. 24.4(a). A trial court abuses its discretion when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case, or when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011). On a party's motion, we may review: (1) the sufficiency or excessiveness of the amount of security, (2) the sureties on a bond, (3) the type of security, (4) the determination whether to permit suspension of enforcement, and (5) the trial court's exercise of discretion when ruling on the amount and type of security and the sufficiency of sureties. *See* Tex. R. App. P. 24.4(a). We may require that the amount of a bond be increased or decreased and that another bond be provided and approved by the trial-court clerk. *See id.* R. 24.4(d). We may also require other changes in the trial court's order and remand to the trial court for entry of findings of fact or for the taking of evidence. *See id.*

Rule 24.2(a)(3) governs the supersedeas issue in this appeal because the receivership order is a judgment "for something other than money or an interest in property." Appellants are the two limited Partnerships that have been placed into receivership and their respective general partners; appellee is The Mitte Foundation ("Mitte"), a minority limited partner in both of the Partnerships. Each of the Partnerships' sole purpose is "[t]o acquire, own, hold, sell, assign, transfer, operate, lease, mortgage, pledge and otherwise deal with" certain parcels of real property. Thus, although the receiver ultimately might dispose of the Partnerships' real property, because the order places the Partnerships (not merely their real-property assets) into receivership, it is not a judgment "for the recovery of an interest in real or personal property," which would be governed by Rule 24.2(a)(2).

Under Rule 24.2(a)(3), "the trial court must set the amount and type of security that the judgment debtor [here, appellants] must post. The security *must adequately protect* the judgment creditor [here, Mitte] *against loss or damage that the appeal might cause*." (Emphasis added.) However, "the trial court may decline to permit the judgment to be superseded if [Mitte] posts security ordered by the trial court in an amount and type that will secure [appellants] against any loss or damage caused by the relief granted [i.e., the receivership order] to [Mitte] if an appellate court determines, on final disposition, that the relief was improper." Tex. R. App. P. 24.2(a)(3).

**ANALYSIS**

In this case, the trial court declined to permit the judgment to be superseded because Mitte posted a $100,000 counter-supersedeas bond. Specifically, the trial court concluded in its supersedeas order that (1) the receivership order is required to adequately protect Mitte during the appeal of the receivership order and (2) the protective provisions in our December 19, 2019 order, together with the counter-supersedeas bond posted by Mitte, "secure[] Defendants/Appellants against any loss or damage caused by the relief granted" to Mitte, i.e., by the order placing the Partnerships into receivership. The trial court further found that Mitte's rights cannot be adequately protected during the appeal by appellants' posting a supersedeas bond for the reasons set forth in the receivership order. In the alternative, the trial court stated that if this Court disagrees and determines that appellants should be permitted to post a supersedeas bond and supersede the receivership order, the bond "should, at a minimum, be in the amount of $10,500,000" to protect Mitte's rights. In addition, the trial court stated that an order should be entered requiring appellants to preserve documents requested in discovery by

4

Mitte and to notify all parties, including third parties, with custody of such documents of their obligation to retain and preserve all documents related to appellants.

We hold that the trial court abused its discretion by concluding that the $100,000 counter-supersedeas bond posted by Mitte secures appellants "against any loss or damage caused by" the receivership order "if an appellate court determines, on final disposition, that that relief was improper." Tex. R. App. P. 24.2(a)(3). The receivership order grants the receiver all powers to manage the receivership assets that were granted to the general partners under the Partnership agreements. A party's management rights are "unique, irreplaceable, and 'cannot be measured by any certain pecuniary standard.'" *Cheniere Energy, Inc. v. Parallax Enterprises LLC*, 585 S.W.3d 70, 83 (Tex. App.—Houston [14th Dist.] 2019, pet. filed) (affirming temporary injunction maintaining status quo pending litigation of parties' claims on merits related to control over limited liability corporation). In addition, Mitte provided no evidence to support its assertion that this amount would be sufficient to protect appellants. Appellants, on the other hand, presented evidence of the risk of foreclosure on Partnership assets created by the appointment of a receiver, which could put their loans in default and removes their ability to negotiate with the lenders. Under the circumstances of this case, in which the Partnerships' assets are worth millions of dollars (even if the precise value is currently disputed), a $100,000 bond is inadequate to protect appellants from the loss of their management rights and the danger of foreclosure presented by the receivership, if this Court determines on appeal that the receivership was improper.

We further hold that the trial court abused its discretion by refusing to allow appellants to supersede the receivership order. The findings in the receivership order that the

trial court relied on when determining that Mitte's rights would not be adequately protected by a bond include the following:

- The property of the Partnerships is in danger of being lost, removed, or materially injured.

- The Partnerships are insolvent or in immediate danger of insolvency.

- The actions of the governing persons of the Partnerships are illegal, oppressive, or fraudulent.

- The properties of the Partnerships are being misapplied or wasted.

While we express no opinion on whether these findings are correct, we conclude that in this particular situation Mitte can be adequately protected "against loss or damage that the appeal might cause" by a supersedeas bond. *See* Tex. R. App. P. 24.2(a)(3). Unlike appellants' interests in their Partnership management rights, Mitte's interests as a limited partner in the Partnerships can be protected by monetary security.

The trial court ultimately did not allow appellants to post a supersedeas bond and did not set a bond amount for appellants to post. However, in its order, it suggested in the alternative that if this Court determines that appellants should be permitted to post a supersedeas bond and supersede the receivership order, the bond "should, at a minimum, be in the amount of $10,500,000" to protect Mitte's rights. At the hearing, the trial court considered two possible ways to measure Mitte's possible loss or damage that the appeal might cause: (1) the current fair-market value of Mitte's interests in the Partnerships or (2) Mitte's ability to recover on its claims in the underlying lawsuit if the Partnerships became insolvent during the appeal of the receivership order.

6

Appellants advocated for a bond amount of $3.7 million because Mitte had represented to the IRS on its 2017 Form 990 that the fair-market value of its interests in the Partnerships was $3.7 million.[1] Mitte agreed that its 2017 valuation was based on a December 2016 appraisal of the 1st and Trinity property and an analysis of sales of properties comparable to the 3rd and Congress property, but it advocated for a bond amount of $10.5 million because more recently, in July 2019, the parties had signed a settlement agreement for this amount. Mitte argued that whether the amount of the supersedeas bond was calculated to protect either the current value of its interests in the Partnerships or all of its potential damages in the lawsuit, which it might be unable to pursue if the Partnerships later failed because the receivership is stayed, the $10.5 million settlement figure was "the best, most accurate figure." The trial court

---

[1] In their motion challenging the supersedeas order, appellants further argue that this amount is more than sufficient to cover the carrying costs of the Partnerships for at least two years and thus should be sufficient to protect Mitte's rights while the receivership order is on appeal. In some cases, courts have held that an appropriate bond amount to protect an appellee against loss or damage that an appeal might cause is an amount equivalent to the actual cost of protecting against the loss of a property and maintaining the property as it existed at the time the trial court issued its judgment—i.e., appellee's portion of property taxes, maintenance and upkeep costs, and insurance for the duration of the appellate process. *See Devine v. Devine*, No. 07-15-00126-CV, 2015 WL 5228254, at *2, *4 (Tex. App.—Amarillo Sept. 2, 2015, order) (per curiam); *In re Estate of Hernandez*, No. 04-14-00046-CV, 2014 WL 1713566, at *2 (Tex. App.—San Antonio Apr. 30, 2014, no pet.) (mem. op.). As in this case, the properties at issue in *Devine* and *Hernandez* ultimately might be sold at the conclusion of the appeal, and thus, the trial courts viewed the loss or damage to the appellees as the cost of maintaining the properties for the duration of the appeal. *See Devine*, 2015 WL 5228254, at *1; *In re Estate of Hernandez*, 2014 WL 1713566, at *2. In both of those cases, however, the property at issue was a property for which the appellees bore responsibility for ensuring that the costs of maintaining the property were paid. *See Devine*, 2015 WL 5228254, at *4 (post-divorce dispute in which receiver was appointed to sell property and appellee was ex-wife with one-half undivided interest in house); *In re Estate of Hernandez*, 2014 WL 1713566, at *1 (probate dispute in which appellees had been appointed co-executors of estate with responsibility for maintaining house that was part of estate). In this case, as a limited partner, Mitte does not have any direct responsibility for ensuring that any costs of maintaining the property, such as debt service, taxes, and insurance, are paid. Consequently, setting a bond in the amount of those costs would not adequately protect Mitte from loss or damage that the appeal might cause it.

did not state the basis for its alternative conclusion that $10.5 million would be the bond amount required to protect Mitte's rights.

We conclude that there is insufficient evidence in the record to support setting a bond in either amount. The purpose of supersedeas is to preserve the status quo of the matters in litigation as they existed before the issuance of the order from which the appeal is taken. In the procedural posture of this interlocutory appeal, and under the particular circumstances present here, the status quo of the matters in litigation is that Mitte holds a particular percentage interest in each of the Partnerships and the only assets of those Partnerships are particular parcels of real property. Here, although the parties dispute to what extent the properties are at risk of foreclosure either with or without the appointment of a receiver, the possible loss or damage to Mitte from an appeal stems from the risk that not placing the Partnerships into receivership causes the value of Mitte's interests in the Partnerships to decline or to be completely lost.

Thus, to preserve the status quo and adequately protect Mitte against that potential loss or damage, Mitte is entitled to have appellants post a bond in the amount of the fair-market value of Mitte's interests in the Partnerships at the time of the receivership order. Mitte is not entitled to a bond that would protect it from the possible loss of appellants' ability to pay an as-yet-undetermined final judgment in the underlying lawsuit. Based on the evidence in the record before us, the trial court lacked sufficient evidence to determine the fair-market value of Mitte's interests in the Partnerships.

**CONCLUSION**

Accordingly, appellants' emergency motion to review the trial court's supersedeas order and for temporary relief is granted in part. We reverse the trial court's order on supersedeas declining to allow appellants to post a bond and setting the amount of Mitte's

8

counter-supersedeas bond. Because the record before us does not contain a current appraisal of the real-property assets of the Partnerships or other sufficient evidence of the fair-market value of Mitte's interests in the Partnerships at the time of the receivership order, we remand this matter to the trial court to take evidence and make findings of fact on the amount of security necessary to protect the value of Mitte's interests in the Partnerships during the pendency of the appellate process. *See* Tex. R. App. P. 24.4(d). We further instruct the trial court to enter an appropriate order requiring appellants to post a bond in that amount. *See id.* We note that Texas Rule of Civil Procedure 621a authorizes the parties to conduct discovery as necessary to obtain information relevant to the value of Mitte's interests in the Partnerships.

We temporarily stay the receivership order pending the trial court's determination of the bond amount that appellants must post to supersede the order. *See id.* R. 24.4(c). We leave in place the portions of our prior partial stay order prohibiting the alienation of the real property owned by the Partnerships and ordering the parties to notify the Court as soon as practicable of any foreclosure posting for the real property owned by the Partnerships. *See id.* The parties are ordered to file a joint status report with this Court concerning the status of the trial-court proceedings or a motion to reinstate on or before March 19, 2020.

It is ordered on February 3, 2020.

Before Chief Justice Rose, Justices Triana and Smith

Abated and Remanded

Filed: February 3, 2020