# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00034-CV

---

**Pedernales Electric Cooperative, Inc., Appellant**

**v.**

**Samuel S. White, Janette Barlow, Gregory Colon, and Stephanie Colon, Appellees**

---

**FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY,
NO. 19-1250-C, THE HONORABLE ROBERT UPDEGROVE, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Pedernales Electric Cooperative, Inc. (PEC) has filed an "Emergency Motion to Permit Appellant to Supersede Temporary Injunction and Set a Supersedeas Bond, or Alternatively, to Stay Temporary Injunction Pending Appeal." PEC requests that we allow it to supersede the trial court's January 11, 2021 order granting appellees' application for a temporary injunction by posting a nominal $1,000 bond, pursuant to Texas Rule of Appellate Procedure 24.2(a)(3), or alternatively, that we stay the temporary injunction under Texas Rule of Appellate Procedure 29.3, pending our disposition of the interlocutory appeal. Appellees (the "Landowners") opposed PEC's motion filed in the trial court for a supersedeas bond and initially opposed the relief requested by PEC in the emergency motion filed with this Court. The Landowners subsequently submitted a response indicating that they are not opposed to this Court

allowing PEC to post a supersedeas bond in the nominal amount of $1,000 to suspend enforcement of the temporary injunction. We grant PEC's motion in part and abate the appeal for the reasons explained below.

## BACKGROUND

The Landowners brought the underlying suit against PEC, a member-owned electric cooperative, in September 2019, alleging that PEC exceeded the scope of an existing easement when it upgraded the capacity of an electric-power transmission line that crosses over the Landowners' properties and extends from the Highway 32 substation to the Wimberley substation. According to the Texas Public Utility Commission's March 2018 order approving the capacity-upgrade project, the transmission line is the primary source of electricity for the Wimberley area and also provides a backup source of power for adjacent substations, including the Dripping Springs, Rutherford, Highway 32, and Fischer substations. PEC completed all work on the capacity-upgrade project that required entry on the Landowner's properties in November 2019, and the transmission line was energized in December 2019. The temporary injunction issued by the trial court prohibits PEC from (1) continuing work on the capacity-upgrade project on the Landowners' properties in Hays County (the trial court found that work was ongoing at the time of the temporary-injunction hearing), (2) operating the transmission line at its upgraded capacity, and (3) accessing the Landowners' properties for maintenance or operations in connection with the capacity-upgrade project. Even though PEC had requested that the trial court set a supersedeas-bond amount at the hearing on the form of the temporary-injunction order, the trial court did not include a bond amount in the temporary injunction—implicitly denying PEC's request for supersedeas relief. To date, the trial court has not ruled on PEC's subsequent motions to set a bond amount and to rule on its pending motions. Instead, the

2

trial court stayed its temporary injunction for a period of forty-five days to allow PEC to seek relief from this Court.

The trial court initially conducted a temporary-injunction hearing on November 25, 2019, and then conducted a hearing on the form of the order on September 28, 2020, before entering the January 11, 2021 temporary injunction. At the initial hearing, PEC offered testimony from a PEC employee who explained the impact both operationally and financially on its provision of electric power to Wimberley if it is required to undo the work done to upgrade the line's capacity and restore the transmission line back to providing the lower voltage that it provided before the upgrade project. The impact on PEC's members would include the possibility of rolling blackouts that would affect not only its residential members, but also its commercial members, schools, and emergency-response facilities, and the cost of restoring the line to its prior capacity would be approximately $4 million. Instead of requiring PEC to undo the work it had already completed, the proposed order submitted by the Landowners and addressed at the September 2020 hearing requested the lesser relief of requiring PEC to stop using or operating the upgraded transmission line. In response, at the hearing, PEC offered to present an employee witness whose testimony would explain what would be involved operationally for PEC to comply with an order requiring it to cease use of the transmission line and the effects of such an order on the electricity sources to the Wimberley community. The trial court indicated that the additional testimony would not be necessary because if PEC posted an appeal bond, there would not be any disruption of services. PEC's counsel suggested that a nominal bond of $1,000 for PEC would be appropriate, and the Landowners' counsel stated, "we have no problem with a nominal [supersedeas] bond for PEC provided PEC has no problem with a nominal [injunction] bond for us." However, while the trial court's temporary injunction

required the Landowners to pay a $1,000 cash bond to the trial-court clerk, as required by Texas Rule of Civil Procedure 684, the order is silent on the matter of a supersedeas bond.

## LEGAL FRAMEWORK

Unless the law or the Texas Rules of Appellate Procedure provide otherwise, a judgment debtor is entitled to supersede a judgment and thus defer its enforcement while pursuing an appeal. *See* Tex. R. App. P. 24.1; *see also Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). The purpose of supersedeas is to preserve the status quo of the matters in litigation as they existed before the issuance of the judgment from which an appeal is taken. *See, e.g.*, *Smith v. Texas Farmers Ins.*, 82 S.W.3d 580, 585 (Tex. App.—San Antonio 2002, pet. denied).

We review a trial court's ruling on supersedeas for an abuse of discretion. *See* Tex. R. App. P. 29.2 (establishing standard of review for trial court's refusal to permit appellant to supersede interlocutory order); *see also id.* R. 24.4(a). A trial court abuses its discretion when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case, or when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011). On a party's motion, we may review: (1) the sufficiency or excessiveness of the amount of security, (2) the sureties on a bond, (3) the type of security, (4) the determination whether to permit suspension of enforcement, and (5) the trial court's exercise of discretion when ruling on the amount and type of security and the sufficiency of sureties. *See* Tex. R. App. P. 24.4(a). We may require that the amount of a bond be increased or decreased and that another bond be provided and approved by the trial-court clerk. *See id.* R. 24.4(d). We may also require other changes in the trial court's

order and remand to the trial court for entry of findings of fact or for the taking of evidence. *See id.*

Rule 24.2(a)(3) governs the supersedeas issue in this appeal because the temporary injunction is a judgment "for something other than money or an interest in property." Although the underlying issue in the lawsuit is the scope of PEC's easement, the temporary injunction itself requires PEC to refrain from (1) further work on the transmission line, (2) using or operating the transmission line at the upgraded capacity, and (3) accessing the Landowners' properties to maintain or operate the transmission line. The temporary injunction does not resolve the issue of the scope of PEC's easement, and thus it is not a judgment "for the recovery of an interest in real or personal property," which would be governed by Rule 24.2(a)(2).

Under Rule 24.2(a)(3), "the trial court must set the amount and type of security that the judgment debtor [here, PEC] must post. The security *must adequately protect* the judgment creditor [here, the Landowners] *against loss or damage that the appeal might cause*." (Emphasis added.) However, "the trial court may decline to permit the judgment to be superseded if [the Landowners] post[] security ordered by the trial court in an amount and type that will secure [PEC] against any loss or damage caused by the relief granted [i.e., the temporary injunction] to [the Landowners] if an appellate court determines, on final disposition, that the relief was improper." *Id.* R. 24.2(a)(3). When the trial court declines to permit a judgment to be superseded because the judgment creditor posts a bond, the judgment creditor's bond is referred to as a "counter-supersedeas bond." *See, e.g.*, *WC 1st & Trinity, LP v. Roy F. & JoAnn Cole Mitte Found.*, No. 03-19-00905-CV, 2020 WL 544748, at *2 (Tex. App.—Austin Feb. 3, 2020, no pet.) (order and mem. op.).

## ANALYSIS

Under Rule 24.2(a)(3), the trial court abused its discretion by refusing to permit PEC to supersede the judgment. Absent the posting of a counter-supersedeas bond by the Landowners, the trial court "must set the amount and type of security" that PEC must post to supersede the judgment. *See* Tex. R. App. P. 24.2(a)(3); *see also id.* R. 24.1. The record before the trial court reflects that the Landowners did not request that they be allowed to file a counter-supersedeas bond either at the September 2020 hearing or in their response opposing PEC's trial-court motions for supersedeas bond. We agree that under the circumstances of this case, and in particular given the non-quantifiable public interest involved in the continued provision of electric-power transmission to PEC's Wimberley members, it would be an abuse of discretion for the trial court to allow the Landowners to counter-supersede the temporary injunction. *See id.* R. 24.4(1)(4) (establishing that appellate court may review trial court's determination whether to permit suspension of enforcement of judgment).

Under Rule 29.3, an "appellate court must not suspend the trial court's [interlocutory] order if the appellant's rights would be adequately protected by supersedeas or another order made under Rule 24." We note that in response to PEC's request that it be allowed to supersede the temporary injunction, the Landowners presented no evidence to quantify "the loss or damage that *the appeal* might cause."[1] *Id.* R. 24.2(a)(3) (emphasis added). In fact, they acknowledged at the trial-court hearing and in their response to PEC's emergency motion that allowing PEC to post a nominal bond of $1,000 would be appropriate. On this record, we

---

[1] We further note that the transmission line has been operating at its upgraded capacity since December 2019, and the Landowners presented no evidence at the September 2020 hearing to quantify any damage suffered since the upgrade was completed.

conclude that PEC's right to supersede the judgment would be adequately protected if the trial court allows it to post a nominal bond in the amount of $1,000.

Accordingly, we abate this appeal and remand the case to the trial court for the entry of an order requiring PEC to post a supersedeas bond in the amount of $1,000. *See id.* R. 24.4(d) (establishing that appellate court may require changes in trial court's order on supersedeas). The trial court's January 11, 2021 order granting appellees' application for a temporary injunction is stayed in part, pending further order of this Court. *See id.* R. 24.4(c) ("The appellate court may issue any temporary orders necessary to preserve the parties' rights" in connection with its review of the trial court's ruling on supersedeas.). We stay all provisions of the temporary injunction, except for the provision setting the matter for trial and hearing on the permanent injunction on March 3, 2021, at 9:30 a.m. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4) (allowing interlocutory appeal from grant of temporary injunction), (b) (providing for automatic stay of commencement of trial in trial court pending resolution of interlocutory appeal, "*other than* an appeal under Subsection (a)(4)" (emphasis added)).

The parties are ordered to file a joint status report with this Court concerning the status of the trial-court proceedings or a motion to reinstate the appeal on or before March 22, 2021.

It is so ordered on February 4, 2021.


Before Justices Goodwin, Triana, and Kelly

Abated and Remanded

Filed: February 4, 2021


7