**ORDER AFFIRMED and Opinion Filed May 9, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00108-CV

### MEXICO FOODS HOLDINGS, LLC, Appellant
### V.
### MARIA ALICIA NAFAL, MARWAN NAFAL, AND
### KHALED NAFAL, Appellees

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-56809-2021**

## MEMORANDUM OPINION ON MOTION TO REVIEW
## SUPERSEDEAS ORDER

Before Justices Molberg, Pedersen, III, and Goldstein
Opinion by Justice Molberg

Mexico Foods Holdings, LLC (MFH) filed this appeal from the trial court's

interlocutory order appointing a receiver and sought to supersede the order pending

the appeal. The trial court denied the request and MFH now asks this Court to either

set supersedeas or stay enforcement of the order appointing a receiver.[1] For the

---

[1] The underlying lawsuit was originally filed in the 470th Judicial District Court and that court issued the appealed interlocutory order appointing a receiver. Following a recusal, the case was transferred to the 380th Judicial District Court and that court issued the order denying supersedeas. Following a second recusal, it appears the underlying lawsuit has now been transferred to the 429th Judicial District Court. Because the supersedeas order was signed by the 380th Judicial District Court, this Court's opinion and order on the motion to review that order is directed to that court.

following reasons, we deny the motion and affirm the trial court's order denying supersedeas.

**Background**

The underlying case is a divorce proceeding between appellee Maria Alicia Nafal and Salah Nafal. The couple's largest community asset is Salah's 31.26% membership interest in MFH. MFH is a holding company owned primarily by Salah and his two brothers. After the divorce proceeding was filed, MFH purchased Salah's interest at a price of $33,388,299. Pursuant to the terms of the purchase, MFH paid ten percent cash along with an unsecured promissory note for $30,049.469 payable to Salah at $2 million per year for four years and a balloon payment in year five. MFH filed an interpleader action in Dallas County against Marie and Salah and interpleaded the cash portion of the purchase price into that court's registry.[2]

After Salah's two brothers intervened in the divorce proceeding, Maria filed a third-party petition against MFH and sought the appointment of a receiver. Maria alleged, in part, that the transfer of Salah's interest was fraudulent. The trial court agreed and signed an order appointing a receiver and setting the receiver's bond at $750. MFH filed a motion asking the trial court to suspend enforcement of the receivership order pending the appeal. At the hearing on the motion, MFH asked

---

[2] The Dallas County lawsuit has been abated pending resolution of the divorce proceeding.

the trial court to find that either the receiver's $750 bond or the money in the Dallas County trial court's registry constitutes a good and sufficient bond. The trial court denied MFH's motion.

**The Law**

Suspension of an appealed interlocutory order lies within the trial court's discretion; no absolute right exists. *See* TEX. R. APP. P. 29.2; *Ridgecrest Holdings, LLC v. City of Dallas*, No. 05-19-00004-CV, 2019 WL 2051816, at *2 (Tex. App.—Dallas May 9, 2019, no pet.) (mem. op.). On any party's motion, we may review a trial court's ruling on supersedeas, including the trial court's refusal to permit an order to be superseded, and may determine the amount of security. *See* TEX. R. APP. P. 24.4; 29.2; *WC 1st & Trinity, LP v. Roy F. & JoAnn Cole Mitte Found.*, No. 03-19-00905-CV, 2020 WL 544748, *1 (Tex. App.—Austin Feb. 3, 2020, no pet.) (per curiam) (mem. op.). We review a trial court's ruling for abuse of discretion. *See* TEX. RS. APP. P. 24.4(a)(5); 29.2. A trial court abuses its discretion if it acts arbitrarily or unreasonably considering all the circumstances of the case. *See Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011).

**Discussion**

At the supersedeas hearing, MFH argued that the receiver is "taking over our billion dollar company." That is incorrect. The receiver is controlling a minority interest in MFH. MFH did not present any evidence that it will not be able to continue to operate its business during the receivership or that it would otherwise be

harmed if it is not allowed to suspend enforcement of the order. In the absence of any evidence that refusal to allow MFH to supersede the order would cause it harm, we conclude the trial court did not abuse its discretion in denying MFH's request to set a supersedeas bond. Accordingly, we affirm the trial court's order.


230108f.p05

/Ken Molberg//
KEN MOLBERG
JUSTICE