ACCEPTED
15-24-00133-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/30/2025 4:16 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00133-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/30/2025 4:16:01 PM
CHRISTOPHER A. PRINE
Clerk

IN THE FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS

**Insight Investments, LLC**,

*Appellant,*

*v.*

**Stonebriar Commercial Finance, LLC**,

*Appellee.*

On Appeal from the 380th District Court, Colin County, Texas
Trial Court Cause No. 380-06242-2022
Honorable Benjamin N. Smith, presiding

## APPELLANT'S REPLY IN SUPPORT OF MOTION TO REVIEW SUPERSEDEAS ORDER

Thomas C. Wright
State Bar No. 22059400
Rachel H. Stinson
State Bar No. 24037347
Kyle C. Steingreaber
State Bar No. 24110406
**WRIGHT CLOSE & BARGER, LLP**
One Riverway, Suite 2200
Houston, Texas 77056
(713) 572-4321 (Phone)
(713) 572-4320 (Facsimile)
wright@wrightclosebarger.com
stinson@wrightclosebarger.com
steingreaber@wrightclosebarger.com

Mark W. Stout
State Bar No. 24008096
Owen C. Babcock
State Bar No. 24104585
**PADFIELD & STOUT, L.L.P.**
100 Throckmorton St, Ste 700
Fort Worth, Texas 76102
817-338-1616 —Telephone
817-338-1610 —Facsimile
mstout@padfieldstout.com
obabcock@padfieldstout.com

**Attorneys for Appellant Insight Investments, LLC**

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

Rule 24.2(a)(3) leaves little to the imagination: the type and extent of security necessary to supersede a judgment for equitable relief depends on the "loss or damage that the appeal might cause" the judgment creditor. Tex. R. App. P. 24.2(a)(3). It was thus incumbent upon Stonebriar to prove the "monetary or material losses" it might suffer *because of* this appeal, *Haedge v. Cent. Tex. Cattlemen's Ass'n*, 603 S.W.3d 824, 828 (Tex. 2020) (per curiam), not simply the perceived value of Insight's performance of the un-superseded judgment, *cf., e.g.*, Tex. R. App. P. 24.2(a)(1). Yet Stonebriar asked the trial court to set the bond at $5,903,679.08 — the "amount" Stonebriar claimed (without proof) was "necessary to place [Stonebriar] in its awarded position"[1] if Insight performed under the judgment and "repurchase[d]" the lease from Stonebriar.[2] In signing Stonebriar's proposed order without awaiting a response, the trial court ignored Rule 24.2(a)(3)'s clear instructions and abused its discretion.

---

[1] *See* Resp., at 15.

[2] **Exhibit C**, Motion to Set Supersedeas Amount.

## Argument

**A. Rule 24.2(a)(3) required that Stonebriar prove the potential "loss or damage" an appeal might cause, not the value of an un-superseded judgment.**

To justify the trial court's conversion of Rule 24.2(a)(3)'s "loss or damage" standard into a "money value of the judgment" test, Stonebriar cites two cases: *Waterford Lago Vista* and *EIS Development II*. Both cases actually illustrate Rule 24.2(a)(3)'s proper application and underscore the trial court's error.

Stonebriar describes *Waterford Lago Vista* as a case affirming an $820,000 bond to supersede a "judgment ordering the judgment debtor to specifically perform by reducing the price of a contract by $817,000."[3] But that only tells half the story. The judgment ordered a landowner to specifically perform a $5.6 million real estate sale, reducing the buyer's purchase price by $817,000 for "increased costs due to the delay in closing." *Waterford Lago Vista, LLC v. Waterford Dev. Partners, L.P.*, No. 03-24-00027-CV, 2024 WL 3207528, at *1 (Tex. App.—Austin [3rd Dist.] June 28, 2024, mem. op. & order). So a bond, in Stonebriar's words,

_____

[3] Resp., at 14.

3

"plac[ing] the judgment creditor in its awarded position"[4] would have been millions of dollars. The bond that the court of appeals affirmed instead aligned with the delay-in-closing costs the buyer already proved — potential damages attributable to the delay of appeal rather than the cash value of the judgment.

Nor did *EIS Development* approve a bond equivalent to the judgment creditor's "awarded position."[5] That judgment enjoined a developer from building houses on 73 residential lots as planned. *EIS Dev. II, LLC v. Buena Vista Area Assoc.*, 668 S.W.3d 696, 698 (Tex. App.— El Paso 2022, published order). The trial court allowed the developer to supersede the judgment with a $250,000 bond after hearing extensive evidence about "the cost to restore" the land to its undeveloped state if the developer began construction pending appeal. *Id.* at 699. Rightly so, as the trial court correctly considered "cost of restoration" as the "measure of damages" when damaged land "can be substantially restored . . . at a reasonable cost[.]" *Id.* at 703; *see also El Caballero Ranch, Inc. v. Grace River Ranch, L.L.C.*, No. 04-16-00298-CV, 2016 WL

---

[4] Resp., at 15.

[5] *See* Resp., at 15.

4444400, at *6 (Tex. App.—San Antonio Aug. 24, 2016, mem. order) (holding similarly). Like in *Waterford Lago Vista*, the bond secured the judgment creditor against damage that the appellate process itself might cause rather than the total value of the judgment itself.

*Ryan*, which Stonebriar ignores, shows that *Waterford Lago Vista* and *EIS Development* are not unique in applying Rule 24.2(a)(3) according to it terms. There, the judgment awarded the plaintiff ownership of a "ten-foot strip of property" and ordered the defendant to remove a carport and driveway encroaching on that property. *Ryan v. Fender*, No. 12-21-00242-CV, 2022 WL 2062475, at *1 (Tex. App.—Tyler June 8, 2022, mem. op.) The trial court did not set the $60,000 supersedeas bond based on the cost of fully removing the carport and driveway. *See id.* at *2–3. Instead, it followed 24.2(a)(3)'s command and focused on the damage that the *appeal itself* might cause: "because of the pending appeal, [the plaintiff] cannot exercise her right to do with her property as desired or take advantage of opportunities and make normal life decisions, or sell the property." *Id.* at *4. Again, securing potential damages attributable to the appellate process itself.

*Haedge* does not recognize some exception "when the benefit to the judgment debtor of superseding the judgment" — non-performance — "is distinct from the harm to judgment creditor" — non-performance.[6] Like Rule 24.2(a)(3) itself, *Haedge* speaks plainly: "[t]his rule requires calculating the loss or damage that the judgment creditor . . . faces during the appeal, not the avoided losses or other benefit that might accrue to the judgment debtor if the judgment is superseded." *Haedge*, 603 S.W.3d at 827 (cleaned up).

It certainly does not create "patently absurd results" to take the Texas Supreme Court at its word.[7] Suppose a judgment requires that the defendant specifically perform a contract to buy a $100,000 parcel from the plaintiff. While the defendant appeals, the plaintiff might have to pay property taxes, insurance, and similar expenses that, except for the appeal, it would not incur. The trial court can consider those "actual costs of protecting against loss and maintaining the property as it existed at the time the trial court issued its judgment" in setting the bond amount under Rule 24.2(a)(3). *See, e.g.*, *Devine v. Devine*, No. 07-15-00126, 2015

---

[6] *Contra* Resp., at 17.

[7] *Contra* Resp., at 17 n.7.

WL 5228254, at *4 (Tex. App.—Amarillo Sept. 2, 2015, order) (explaining same in receivership dispute). That those potential costs might not exist if the contract to be performed were for the purchase of, say, a lease contract does not shock the conscience — it shows that the judgment creditor cannot prove the potential harm or loss Rule 24.2(a)(3) requires for anything but a nominal bond.

Indeed, context confirms that the rules drafters know how to say it when they intend to tie supersedeas to a judgment's money value. Of course, when a rule "uses a word or phrase" in some places but not others, "the term should not be implied where it has been excluded." *See Cadena Comercial USA Corp. v. TABC*, 518 S.W.3d 318, 329 (Tex. 2017); *accord Mendell v. Scott*, No. 01-20-00578-CV, 2022 WL 2951666, at *6 (Tex. App.—Houston [1st Dist.] July 26, 2022, order) (applying same principle to Rule 24.2). Rule 24.2(a) explicitly contemplates two situations where the bond must align with the judgment's value — bonding a money judgment under Rule 24.2(a)(1) generally requires an amount equal to "the sum of compensatory damages awarded[,]" interest, and costs, while Rule 24.2(a)(2) requires security "at least" equal to "the value of the property interest" when a judgment awards an interest in personal

property. Tex. R. App. P. 24.2(a)(1)–(2). By tying relief here to "loss or damage that the appeal might cause" the judgment creditor, *id.* 24.2(a)(3), Rule 24(a)(3) contemplates something different.

Also consider why supersedeas exists in the first place: to "preserve the status quo of the matters in litigation as they existed before the issuance of the judgment from which an appeal is taken." *Devine*, 2015 WL 5228254, at *3. At bottom, the pre-judgment status quo in a specific-performance case is an unperformed contract. So while a bond under Rule 24.2(a)(3) might properly protect against ancillary costs and expenses flowing from the delayed performance an appeal might "cause[,]" *see* Tex. R. App. P. 24.2(a)(3), it cannot act as a conduit for putting the plaintiff in its "awarded position[.]"[8] The latter is by definition a *change* in the pre-judgment status quo.

In the end, caselaw, context, and purpose support Rule 24.2(a)(3)'s plain language: the security necessary to supersede a non-money judgment that does not award title to property turns on the "loss or

---

[8] *Contra, e.g.*, Resp., at 15.

damage that the appeal might cause" the judgment creditor, Tex. R. App. P. 24.2(a)(3), not the value of the un-superseded judgment.

## B. A nearly $6-million bond to secure the repurchase of a non-existent contract violates Rule 24.2(a)(3).

Considered against the proper legal framework, the trial court both acted "without reference to guiding rules or principles" and made a decision "lacking support in the facts or circumstances of the case," *see Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011), in setting the bond at $5,903,679.08 — the "amount[,]" according to Stonebriar, "required to repurchase the Equipment Lease Agreement[.]" The trial court abused its discretion.

Begin by defining the pre-judgment status quo. *Cf. Devine*, 2015 WL 5228254, at *3–4.[9] The "Equipment Lease Agreement" ceased to exist before the judgment was signed. A bidder in Legacy's bankruptcy bought all of the leased equipment and the "Equipment Lease Agreement" — with the bankruptcy court's approval — was extinguished.[10] Thus,

---

[9] True enough, these issues overlap with the merits of Insight's appeal to some degree. *See* Resp., at 8–11. But they matter here nonetheless because they inform the pre-judgment status quo, which in turn guides the propriety of a Rule 24.2(a)(3) supersedeas bond.

[10] *See* Mot., at 21–22.

Insight did not and could not pay money to Stonebriar to buy back the "Equipment Lease Agreement."

Then consider the evidence offered to justify the bond amount. Stonebriar's evidence comes down to a single sentence in a declaration: "the amount required to repurchase the Equipment Lease Agreement equals $5,903,679.08[.]" But the claimed value to Stonebriar of the as-awarded judgment simply is not a potential "harm or loss" that Rule 24.2(a)(3) recognizes, and the company offered no evidence of — or even tried to argue — a potential injury that the rule does recognize.[11]

Against that backdrop, a nominal bond is mandatory, a point *Qatar Foundation* illustrates. In that case, the trial court had to set a nominal bond under Rule 24(a)(3) in the absence of "evidence of any harm" the other party "would suffer from a stay during the pendency of the appeal." *Qatar Found. for Educ., Science & Cmty. Dev. v. Paxton*, No. 03-20-00129-

---

[11] *See* Resp., at 17–18. Under the circumstances, Insight preserved error in the trial court's consideration of Wilkinson's flawed declaration. The trial court granted Stonebriar's motion without notice or a hearing, robbing Insight of its ability to object prior to the trial court's ruling. No party expected that sua sponte ruling either — the parties only learned about it while discussing hearing dates with the court. Insight complied with Rule 33.1(a) by filing its objection as soon as it learned of the adverse ruling, which again, was made without notice or opportunity to be heard. It would violate fundamental principles of due process to apply Rule 33.1(a) otherwise in this case.

CV, 2020 WL 6269267, at *3 (Tex. App.—Austin Oct. 22, 2020, order). As in our case.

## Conclusion

The Court should set aside the flawed supersedeas order entirely and order that Insight need post no more security beyond its original $500 bond. Alternatively, the Court should either carry this motion with the appeal or remand the supersedeas issue to the trial court to hold an evidentiary hearing on the motion to set the bond amount. Insight also asks for all other relief to which it may be entitled at law and in equity.

\*\*\*

Respectfully submitted,

*/s/ Rachel H. Stinson*
Thomas C. Wright
State Bar No. 22059400
Rachel H. Stinson
State Bar No. 24037347
Kyle C. Steingreaber
State Bar No. 2410406
**WRIGHT CLOSE & BARGER, LLP**
One Riverway, Suite 2200
Houston, Texas 77056
(713) 572-4321 - Telephone
(713) 572-4320 - Facsimile
wright@wrightclosebarger.com
stinson@wrightclosebarger.com
steingreaber@wrightclosebarger.com

**Counsel for Appellant Insight Investments, LLC**

## CERTIFICATE OF SERVICE

On January 30, 2025, true and correct copies of this reply were forwarded to all counsel of record, via e-service, by transmitting to the undersigned's electronic service provider.

*/s/Kyle C. Steingreaber*
Kyle C. Steingreaber

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tracy Stubblefield on behalf of Rachel Hope Stinson
Bar No. 24037347
stubblefield@wrightclose.com
Envelope ID: 96811770
Filing Code Description: Other Document
Filing Description: 250130 Appellant's Reply in Support of Motion for Review of Supersedeas Bond
Status as of 1/30/2025 4:23 PM CST

Associated Case Party: Stonebriar Commercial Finance, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Rachel H.Stinson | | stinson@wrightclosebarger.com | 1/30/2025 4:16:01 PM | SENT |
| Thomas C.Wright | | wright@wrightclosebarger.com | 1/30/2025 4:16:01 PM | SENT |
| Kyle Steingreaber | | steingreaber@wrightclosebarger.com | 1/30/2025 4:16:01 PM | SENT |

Associated Case Party: Insight Investments, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| LeElle Slifer | 24074549 | lslifer@winston.com | 1/30/2025 4:16:01 PM | SENT |
| Dylan French | | dfrench@winston.com | 1/30/2025 4:16:01 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Houston Docketing | | ecf_houston@winston.com | 1/30/2025 4:16:01 PM | SENT |
| Newman Nahas | | NNahas@winston.com | 1/30/2025 4:16:01 PM | SENT |