

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00213-CV

---

AOC TX, LLC d/b/a Angels of Care Pediatric Home Health, Appellant

v.

Naomi Landeros and Carlos Silva, Individually and as
Next Friend of O.S., Deceased Minor, Appellees

---

On Appeal from the 205th Judicial District Court
El Paso County, Texas
Trial Court No. 2024DCV4107

---

## MEMORANDUM OPINION

The underlying health care liability suit was brought by Appellees Naomi Landeros and
Carlos Silva, Individually and as Next Friend of O.S., Deceased Minor,[1] against Appellant AOC
TX, LLC d/b/a Angels of Care Pediatric Home Health. In this interlocutory appeal, AOC
challenges the trial court's order overruling its objections to Landeros's threshold expert reports
provided under Texas Civil Practice and Remedies Code § 74.351. Concluding that the authors of

---

[1] Appellees filed a joint brief on all issues and will be jointly referred to as Landeros.

the reports did not demonstrate they were qualified to testify about whether the relevant standard of care was breached, we reverse and remand to the trial court to consider whether to grant Landeros a 30-day extension to cure the reports' deficiencies.[2]

## I. FACTUAL AND PROCEDURAL BACKGROUND

O.S. was born prematurely at 23 weeks with a congenital heart defect and other serious medical conditions causing him to spend his first year in intensive care. When O.S. was discharged from the hospital in early December 2022, he went home dependent on a tracheostomy tube to breathe. AOC was his home health care provider. According to Landeros, O.S. went into respiratory and cardiac arrest on January 5, 2023, after Mary Ann Martinez, a registered nurse employed by AOC, was unable to insert a new breathing tube. O.S. was taken to the hospital and died there three days later.

Landeros filed a health care liability claim against AOC alleging negligence and gross negligence.[3] In support of her claim, Landeros provided two threshold expert reports under § 74.351(a)—one by Alfredia Williams, R.N., addressing the standard of care and breach, and another by Dale Bull, M.D., addressing the standard of care, breach, and causation.

AOC objected to both reports and moved to strike them. As to Williams, AOC argued she was unqualified to offer opinions because she has "not actively practiced as an RN since 2021," and "not practiced in the same medical field as [AOC], nor . . . provided medical care similar to that which O.S. required." AOC further maintained Williams's report was "very broad and vague," "fail[ed] to link her conclusions to articulated facts," and was "based on an incomplete compilation of medical records." As to Bull, AOC argued he was unqualified because he "retired in 2019," and

---

[2] Both sides requested this relief.

[3] Landeros also sued Smiths Medical ASD, Inc.; ICU Medical, Inc.; and ICU Medical Sales, Inc. but later non-suited these defendants.

his report did not "identify [an] actual breach" and "d[id] not sufficiently discuss and analyze the facts . . . to provide a causation analysis."

Landeros filed a response, contending that her expert reports "exceed[ed] the threshold requirements." She requested a 30-day extension to cure any deficiencies in the event the trial court found otherwise.

After a hearing, the trial court signed an order finding that both expert reports "met the good faith requirements of [§ 74.351]" and overruling AOC's objections. This interlocutory appeal followed, as permitted by Texas Civil Practice and Remedies Code § 51.014(a)(9).

## II. ISSUE ON APPEAL

AOC's single issue on appeal is "[w]hether the trial court abused its discretion in overruling AOC's objections and denying [its] motions to strike [Landeros's] Chapter 74 expert reports."

## III. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's ruling on a threshold expert report's adequacy under § 74.351 for an abuse of discretion. *Abshire v. Christus Health S.E. Texas*, 563 S.W.3d 219, 223 (Tex. 2018); *Taha v. Blackburn*, 656 S.W.3d 596, 600 (Tex. App.—El Paso 2022, no pet.). Under this standard, we defer to the trial court's factual determinations if they are supported by evidence and review its legal determinations de novo. *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011). A trial court abuses its discretion if it rules without reference to guiding rules or principles. *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011).

Under § 74.351(a), a plaintiff must serve a threshold expert report on each defendant against whom a health care liability claim is asserted. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). The report must include "a fair summary of the expert's opinions . . . regarding applicable standards of care, the manner in which the care rendered . . . failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." *Id*.

3

§ 74.351(r)(6).

In addition, the report or its required accompanying curriculum vitae (CV) must show that the expert is qualified. *El Paso Specialty Hosp. Ltd. v. Gurrola*, 510 S.W.3d 655, 659 (Tex. App.—El Paso 2016, no pet.) (citing *In re McAllen Med. Center, Inc.*, 275 S.W.3d 458, 463 (Tex. 2008)).

A person is qualified to offer an opinion on whether the standard of care for a non-physician health care provider was breached if the person:

(1)   is practicing health care in a field of practice that involves the same type of care or treatment as that delivered by the defendant health care provider, if the defendant health care provider is an individual, at the time the testimony is given or was practicing that type of health care at the time the claim arose;[4]

(2)   has knowledge of accepted standards of care for health care providers for the diagnosis, care, or treatment of the illness, injury, or condition involved; and

(3)   is qualified on the basis of training or experience.

Tex. Civ. Prac. & Rem. Code Ann. § 74.402(b); *see also* § 74.351(r)(5)(B) (providing that requirements under § 74.402 apply to threshold expert reports). In this context, "practicing health care" includes: (1) "training health care providers in the same field as the defendant health care provider at an accredited educational institution"; or (2) "serving as a consulting health care provider and being licensed, certified, or registered in the same field as the defendant[.]" *Id.* § 74.402(a).

---

[4] We agree with the assumption of both parties that § 74.402(b)(1) is relevant because Landeros's claim against AOC is based solely on alleged negligence by its employee nurse, thereby implicating vicarious liability. *See Certified EMS, Inc. v. Potts*, 392 S.W.3d 625, 629 (Tex. 2013) ("[D]irect and vicarious liability theories involve different sets of operative facts because the facts required to establish the defendant's vicarious liability, i.e., the acts of the agent and his relationship to the principal, differ from the facts required to establish the defendant's direct liability, i.e., its provision of particular policies and procedures.'") (summarizing lower court precedent; cleaned up); *id.* at 632 (distinguishing between "expert reports required for vicarious liability claims, in which merely implicating the agent's conduct is sufficient, and those required for direct ones, in which the employer's conduct must be implicated"); *Mignogna v. Funimation Productions, LLC*, No. 02-19-00394-CV, 2022 WL 3486234, at *15 (Tex. App.—Fort Worth Aug. 18, 2022, pet. denied) (memo. op.) ("Broadly speaking, vicarious liability principles impute liability arising from the conduct of an active tortfeasor to another party based upon a relationship between them.") (citing *Soon Phat, L.P. v. Alvarado*, 396 S.W.3d 78, 97 (Tex. App.—Houston [14th Dist.] 2013, pet. denied)); *see also Marente v. Asah*, 486 S.W.3d 680, 686 (Tex. App.—Texarkana 2016, no pet.) (applying § 74.402(b)(1) to expert whose report addressed both direct liability claim against nurse and vicarious liability claim against her employer).

A person is qualified to offer an opinion on causation if the person is "a physician who is otherwise qualified to render opinions on such causal relationship under the Texas Rules of Evidence." *Id.* § 74.351(r)(5)(C).

A motion challenging a threshold expert report's adequacy may be granted only if the report does not reflect an "objective good faith effort" to comply with the statute. *Id*. § 74.351(l). Further, while failure to provide a report may result in dismissal of the case with prejudice, *id*. § 74.351(b), "if . . . elements of [a threshold expert] report are found deficient, the court may grant one 30-day extension to the claimant in order to cure the deficiency." *Id.* § 74.351(c). The Texas Supreme Court has instructed that trial courts "should be lenient in granting [30]-day extensions." *Scoresby v. Santillan*, 346 S.W.3d 546, 554 (Tex. 2011). In other words, trial courts "should err on the side of granting the additional time and must grant it if the deficiencies are curable." *Id.* at 549; *see also id*. at 557 ("We conclude that a [30]-day extension to cure deficiencies . . . may be granted if the report is served by the statutory deadline, if it contains the opinion of an individual with expertise that the claim has merit, and if the defendant's conduct is implicated. . . . [T]his is a minimal standard[.]"). We consider each individual who provided a report in turn.

## IV. ANALYSIS

### A. Nurse Williams

AOC argues Williams was unqualified to offer opinions because her report and CV "fail to establish [she] was practicing health care in a field of practice that involves the same type of care that was provided to O.S.," including "tracheostomy tube removal and timely tracheostomy tube replacement," citing *Marente v. Asah*, 486 S.W.3d 680 (Tex. App.—Texarkana 2016, no pet.). There, the Sixth Court of Appeals held that a registered nurse's expert report failed to demonstrate she was qualified to opine on the standard of care for a home health nurse furnishing tracheostomy care. *Id* at 687. While the nurse had 20 years of experience and "ha[d] provided tracheostomy care

5

at the nursing home where she [wa]s currently employed, that care [wa]s not tethered to the time of the events in this case or to the time her report was issued[.]" *Id*. at 686. Here, as AOC points out that Williams's report and CV do not state whether she has *ever* provided tracheostomy care.

Landeros, on the other hand, argues Williams has been a registered nurse for over 20 years, the majority of which she spent "in direct patient care with specific training and certification related to routine trach management and trach related emergency response," and "[w]hile this certification is not specifically stated in her report or C.V., the experience that is included . . . is enough to meet the good faith requirement." Further, Landeros contends Williams's expertise in "healthcare systems and safety practices"—as reflected by her Master of Science in Nursing and Master of Health Administration degrees, along with certifications in healthcare quality and patient safety—is "relevant to evaluating the standards of care and identifying breaches in this case."

An expert may opine on whether the standard of care for a health care provider was breached only if, at the time the opinion is offered or at the time the claim arose, the expert was practicing in a field involving the same type of care or treatment provided by the defendant. Tex. Civ. Prac. & Rem. Code Ann. § 74.402(b). Landeros points out that while § 74.402 sets forth expert qualification criteria, it allows the trial court to depart from such criteria "if, under the circumstances, the court determines that there is good reason to admit the expert's testimony," citing § 74.402(d). But here, the trial court neither indicated it was departing from the statutory criteria nor stated any reason for doing so.[5]

We are not persuaded that Williams's credentials in "healthcare systems and safety practices" demonstrate that she is qualified to offer opinions on whether the standard of care was breached for a home health nurse providing tracheostomy care. Further, as noted above, Williams's

---

[5] Under § 74.402(d), if the trial court departs from the statutory criteria, it must "state on the record the reason for admitting the testimony." Tex. Civ. Prac. & Rem. Code Ann. § 74.402(d).

report and CV do not indicate that she has ever provided tracheostomy care. Additionally, though Landeros states in her briefing that Williams has spent the majority of her career "in direct patient care with specific training and certification related to routine trach management and trach related emergency response," the information pertaining to her specific training and certification was similarly not in her report or CV and thus cannot be considered. *See El Paso Specialty Hosp.*, 510 S.W.3d at 659 (report or CV must show expert is qualified).

### B. Dr. Bull

Turning to Bull, AOC argues he was unqualified because he retired in 2019, i.e., he "was not practicing medicine either at the time the claim arose or at the time he gave his opinion" as required by section 74.402. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.402(b)(1) (requiring that expert must have been practicing at time opinion was given or at time claim arose to offer opinion on breach of standard of care).

Landeros states that her counsel "genuinely believed at the time Dr. Bull's report was served that he was still practicing," but "[d]espite the oversight, the issues pertinent to this case involve routine tracheostomy management, which Dr. Bull is very familiar with through his training and experience." Landeros maintains Bull "does not need to be a nurse to be qualified to give opinions on nursing standards of care for a nurse performing routine tracheostomy care." However, Landeros also expressly concedes that Bull "had recently retired and was therefore no longer qualified to prepare the Chapter 74 report."

We agree that because Bull had not actively practiced since 2019, before Landeros's claim arose, he was not qualified to offer an opinion on whether the relevant standard of care was breached. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.402(b)(1) (requiring that expert must have been practicing at time opinion was given or at time claim arose to offer opinion on whether standard of care was breached).

7

## V. Conclusion

Because neither individual was qualified to opine on whether the relevant standard of care was breached, we grant the relief requested by both sides. We reverse the trial court's order overruling AOC's objections to the threshold expert reports of Alfredia Williams, R.N., and Dale Bull, M.D., and remand to the trial court to consider whether to grant Landeros a 30-day extension under § 74.351(c) to cure the reports' deficiencies.[6]

LISA J. SOTO, Justice

January 29, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

---

[6] The Texas Supreme Court has suggested that dismissal without an opportunity to correct deficiencies might be proper if a threshold expert report is "utterly devoid of substantive content" or does not "contain[] a statement of opinion by an individual with expertise indicating that the claim asserted . . . has merit." *Scoresby v. Santillan*, 346 S.W.3d 546, 549 (Tex. 2011). Because AOC does not seek dismissal on these grounds, we do not consider such relief. Further, because we have concluded that neither Williams nor Bull was qualified to opine on whether the relevant standard of care was breached, we need not and do not consider whether their reports were inadequate in any other respect. *See* Tex. R. App. P. 47.1 (requiring courts of appeal to address only issues "necessary to final disposition of the appeal").